IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-39,308-07






EX PARTE EUSTORGIO GUZMAN RESENDEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-003-92-C IN THE 229TH DISTRICT COURT


FROM STARR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and sentenced to life imprisonment. The Thirteenth Court of Appeals affirmed his conviction. See
Resendez v. State, 860 S.W.2d 605, (Tex. App. -- Corpus Christi, 1993, pet. ref'd).

 Applicant alleges that he is actually innocent of this offense as State witness Juan Hinojosa
has filed an affidavit recanting his trial testimony. Applicant alleges that Hinojosa was the State's
key witness and that he would not have been convicted if Hinojosa had not testified against him at
his trial. He alleges that the State sponsored Hinojosa's testimony even though the State knew it was
false at the time it offered the testimony. Applicant contends that his trial counsel rendered
ineffective assistance because counsel failed to investigate whether Hinojosa had any motives to
falsely implicate the Applicant which had not been disclosed to the defense. Specifically, Applicant
alleges that the State informed the defense that it had reached an agreement with Hinojosa whereby
it would not seek the death penalty against Hinojosa if he testified at Applicant's trial. Applicant
alleges that counsel would have discovered that Hinojosa received additional concessions for his
testimony, which were not disclosed to the defense, if he had investigated further. Applicant also
alleges that counsel was ineffective for failing to convey a plea offer of fifteen years' confinement
to him before trial. 

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Elizondo, 947
S.W.2d 202 (Tex. Crim. App. 1996); Strickland v. Washington, 466 U.S. 608 (1984); Ex parte
Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d) to resolve the fact issues. In the appropriate case, the trial court
may rely on its personal recollection. Id. The trial court shall order Applicant's trial counsel to file
an affidavit responding to the following: (1) whether counsel investigated whether Hinojosa had a
motive to falsely implicate the Applicant at his trial and, if so, shall detail the course of such
investigation; (2) whether counsel believes that Hinojosa testified truthfully at Applicant's trial and,
if so, shall detail the basis for such a belief; (3) whether counsel believes that the State disclosed all
aspects of its plea bargain agreement with Hinojosa to the defense before trial and, if so, shall detail
the basis for such a belief; (4) whether counsel disclosed the plea offer of fifteen years' confinement
which the State made to the Applicant before trial and, if so, when counsel disclosed the offer. The
trial court shall order the Assistant District Attorney who prosecuted this case to file an affidavit
responding to the following: (1) whether State had in its possession any evidence which indicated
that Hinojosa had a motive to falsely implicate the Applicant when he testified at his trial and, if so,
shall detail such evidence; (2) whether the State believes that Hinojosa testified truthfully at
Applicant's trial and, if so, shall detail the basis of such belief; (3) whether the State plea bargained
with Hinojosa to make him testify at Applicant's trial and, if so, shall detail the terms of such
agreement; and, (4) whether the State made any plea offers to the Applicant before trial and if so,
shall detail such offers.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel investigated whether
Hinojosa had a motive to falsely implicate the Applicant at his trial. The trial court shall make
findings of fact as to whether counsel believes that Hinojosa testified truthfully at Applicant's trial. 
The trial court shall make findings of fact as to whether counsel believes that the State disclosed all
aspects of its plea bargain agreement with Hinojosa to the defense before trial. The trial court shall
make findings of fact as to whether counsel disclosed the plea bargain offer of fifteen years'
confinement to Applicant before trial. The trial court shall make findings of fact as to whether the
State had in its possession any evidence which indicated that Hinojosa had a motive to falsely
implicate the Applicant in this case and, if so, shall detail such evidence. The trial court shall make
findings of fact as to whether the State believes that Hinojosa testified truthfully at Applicant's trial. 
The trial court shall make findings of fact as to whether the State plea bargained with Hinojosa to
make him testify at Applicant's trial and, if so, shall detail the terms of the agreement. The trial
court shall make findings of fact as to whether the State made any plea offers to the Applicant before
trial and if so, shall detail such offers. The trial court shall make findings of fact as to whether the
performance of Applicant's trial attorney was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall make findings of fact as to whether
Hinojosa's recantation affidavit provided on habeas is credible and, if so, whether Applicant is
actually innocent of this offense. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: April 1, 2009

Do not publish